# THE ORENBERG LAW FIRM, P.C.

12505 PARK POTOMAC AVENUE
6TH FLOOR
POTOMAC, MARYLAND 20854

Office     (301) 984-8005
Facsimile  (301) 984-8008
Cell-Phone (301) 807-3847

Allen H. Orenberg
(MD & DC)

aorenberg@orenberglaw.com
www.orenberglaw.com

July 30, 2022

<u>Via E-Mail</u>

Angela Buckner, Esquire
Assistant U.S. Attorney

RE:  <u>USA v. Craig Michael Bingert * No. 1:21-cr-0091-RCL-01</u>
United States District Court for the District of Columbia

Dear Ms. Buckner:

Pursuant to Federal Rule of Criminal Procedure 16, Local Criminal Rule 5.1, and other applicable authority, I write on behalf of Craig Michael Bingert to formally request all information discoverable in this case. Please provide a written response to these requests as soon as possible.

Below is a list of the specific items requested:

1. Any and all information pertaining to the investigation of the Secret Service after the Department of Homeland Security learned of the deletion of messages before and after January 6, 2021.[1] More specifically, and in addition, letters or memoranda detailing efforts or lack of efforts to preserve these text messages and reasons for the failure to preserve.

---

[1] <u>Secret Service identified potential missing text messages on phones of 10 individuals - CNNPolitics; Secret Service erased Jan. 6 texts after officials requested them, watchdog says: NPR;</u> https://www.cnn.com/2022/07/22/politics/secret-service-investigators-text-messages/index.html

AUSA Angela Buckner
July 30, 2022
Page Two

    2.    Any Secret Service communications, including text messages, emails, radio calls pertaining to these missing text messages and/or other communications regarding the events on January 6, 2021.

    3.    Any communications between former President Trump's former staff on the day of January 6, 2021, regarding former President Trump's failure to stop the riot as well as affirmative steps he took to further encourage it.[2]

All of these requests are pursuant to Fed. R. Crim. P. 16(a)(1)(E); *see also Brady*, 373 U.S. 83 (and its progeny); *Giglio*, 405 U.S. 150 (and its progeny); *United States v. Marshall*, 132 F.3d 63, 67 (D.C. Cir. 1998) (citing Fed. R. Crim. P. 16) (holding inculpatory evidence is not immune from disclosure); *Kyles v. Whitley*, 514 U.S. 419, 433-36 (1995) (evidence is materially exculpatory if there is any reasonable probability that, considering the evidence, the results of trial or sentencing would be different).

Please let me know promptly whether there are any requests set forth in this letter with which you decline to comply. I am available to discuss any of the above requests at your convenience. I reserve the right to supplement these requests as I review the discovery materials and prepare for trial. Please feel free to contact me by e-mail or on my cell-phone.

    Very truly yours,

    THE ORENBERG LAW FIRM, P.C.

    BY: Allen H. Orenberg

AHO/bip
cc: Case File (ECF)

---

[2] Jan. 6 hearing focuses on Trump's inaction during Capitol riot (nbcnews.com): https://www.nbcnews.com/politics/congress/prime-time-jan-6-hearing-focuses-trumps-inaction-187-minutes-mayhem-rcna36737