**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Case No. 1:21-cr-0091-RCL-01 |
| | : | |
| **CRAIG MICHAEL BINGERT, et al.** | : | |
| Defendant. | : | |

**DEFENDANT CRAIG MICHAEL BINGERT'S**
**MOTION FOR SEVERANCE OF DEFENDANT PURSUANT**
**TO FED. R. CRIM. P. 14(a) WITH INCORPORATED**
**MEMORANDUM OF POINTS AND AUTHORITIES**

COMES NOW Defendant, Craig Michael Bingert, by and through undersigned counsel, and pursuant to Rule14(a) of the Federal Rules of Criminal Procedure, hereby respectfully moves this Honorable Court for the entry of an Order of severance for trial. Mr. Bingert requests a separate trial be ordered for him (and co-defendant Isaac Steve Sturgeon) apart from co-defendant Taylor James Johnatakis. As grounds, the following is stated:

Co-defendant Isaac Steve Sturgeon joins this motion, by his counsel. It is believed that the government will oppose this motion.

It is counsel's understanding that on or about August 9, 2023, the Court granted co-defendant Taylor James Johnatakis leave to proceed *pro se*. (Attorney Chris Black is now stand-by counsel.) [1]

---

[1] A review of the Court Docket does not reveal a Court entry permitting Mr. Johnatakis to proceed *pro se*. However, attorney Chris Black has recently informed undersigned counsel that it is his recollection the Court granted the motion to proceed *pro se* during the August 9, 2022, status hearing.

Trial is schedule to commence on May 15, 2023.

Fed. R. Crim P. 14(a) allows that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Mr. Bingert believes that by allowing Mr. Johnatakis to proceed to trial, *pro se,* it will irreparably prejudice Mr. Bingert (and his co-defendant), inasmuch as Mr. Johnatakis's apparent lack of legal training and utter lack of trial experience will likely be unseemly, and/or confuse the jury, and/or blur the issues before the jury thus compromising Mr. Bingert's right to a fair trial. And, not knowing the rules of criminal procedure and/or the rules of evidence, the Court or the stand by counsel will have to constantly educate Mr. Johnatakis on these vital rules which will cause undue delay in the trial prejudicing the Mr. Bingert ( and Mr. Sturgeon) as well as the prejudicial spill over effect of his false steps, fumbling, etc.

And, Mr. Johnatakis "may conduct his own defense ultimately to his own detriment," *Faretta v. California*, 422 U.S. 806, 834, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562 (1976), but his co-defendants should not likewise be deprived of their right to a fair trial by his so doing.

The U.S. Supreme Court has made clear that severance should be ordered when "there is a serious risk that a joint trial would compromise a specific trial

right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Counsel has researched the applicable case law and has not found any reported D.C. District Court decisions cases concerning a *pro se* defendant's pretrial decision to proceed *pro se* could prejudice other co-defendants.

However, on January 20, 2023, Judge Amit P. Mehta of this Court ordered a separate trial for a *pro se* defendant in a January 6th trial: *United States v. James Beeks*, 21-cr-00028-APM-19. Undersigned counsel has recently spoken with stand-by counsel for defendant Beeks, who informs that one of the reasons a separate trial was ordered was to avoid potential prejudice to other co-defendants who are proceeding to trial in the near future.

Although a written Order (or a Minute Order) to this effect has not yet been docketed,[2] this Court may consider the reasoning of Judge Mehta (to avoid potential prejudice to other co-defendants) and similarly order a trial severance for Mr. Johnatakis.

And, on January 25, 2023, Judge Carl J. Nichols of this Court ordered a separate trial for a *pro se* defendant in another January 6th trial: *United States v. Jonathan Daniel Pollock*, et. al., 21-447-CJN. Judge Nichols granted a motion for severance of *pro se* defendant Joseph Daniel Hutchinson, III, because of the

---

[2] As of the date/time of the filing of this instant Severance Motion, the docket in 21-cr-00028-APM-19 has not been updated to reflect the Court's activity on January 20, 2023.

-3-

potential of prejudice to the other co-defendants if all were tried together.[3]

Furthermore, in *United States v. Tucker*, 12 F.4th 804, 815–16(D.C. Cir. 2021) the D.C. Circuit considered the District Court's decision to deny a defendant's mid-trial decision to go *pro se* based on potential prejudice to co-defendants. When affirming the District Court"s decision to deny (defendant Fields) the request to proceed *pro se,* The D.C. Circuit observed in *Tucker:* "A trial involving a *pro se* defendant and co-defendants who are assisted by counsel is pregnant with the possibility of prejudice." *United States v. Veteto*, 701 F.2d 136, 139 (11th Cir. 1983) *Id.* At 816. *See also, United States v. Maxwell*, No. 5:15-cr-35-2, 2017 WL 6055785, at * 1 (M.D. Ga. Feb. 2, 2017) (granting motion to sever where pro se defendant had a history of disruptive behavior).

It is submitted that severing Mr. Johnatakis from the trial of Mr. Bingert and his co-defendant Mr. Sturgeon at this time (some fifteen weeks before commencement of trial) will not prejudice the Court and the parties.

## **CONCLUSION**

Notwithstanding the presence of stand-by counsel, there is a distinct possibility that Mr. Johnatakis's conduct at trial will be unseemly, confusing and he will otherwise blur the issues before the jury. This type of prejudice to Mr. Bingert (and to his co-defendant should) not be allowed by this Court. Fed. R. Crim. P. Rule

---

[3] In 21-447-CJN, undersigned counsel represents co-defendant Joshua C. Doolin and, accordingly, participated in the January 25, 2023 hearing when Judge Nichols orally announced his decision/reasons to sever the *pro se* defendant.

14(a) safeguard defendants from the prejudicial effects of joined defendants and, as argued herein, even more so when a co-defendant is proceeding to trial *pro se.*

WHEREFORE for the foregoing reasons and such other reasons that may appear just and proper, defendant Joshua Christopher Bingert,(and co-defendant Isaac Steve Sturgeon)  respectfully requests that his motion for a trial severance be granted – and a separate trial be ordered apart from co-defendant Taylor James Johnatakis.

                                  Respectfully Submitted,

                                  _____
                                  Allen H. Orenberg, # 395519
                                  The Orenberg Law Firm, P.C.
                                  12505 Park Potomac Avenue, 6th Floor
                                  Potomac, Maryland 20854
                                  Tel. No. (301) 984-8005
                                  Fax No. (301) 984-8008
                                  Cell-Phone (301) 807-3847
                                  aorenberg@orenberglaw.com
                                  Counsel for Mr. Craig Michael Bingert

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2023, copies of the foregoing Motion for Severance and a proposed Order, were served to case registered parties by CM/ECF, and by mail to:

Taylor James Johnatakis
29628 Gamble Place NE
Kingston, Washington 98346-9560

_____
Allen H. Orenberg, # 395519