IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 1:21-cr-0091-RCL-01 |
| | : | |
| CRAIG MICHAEL BINGERT, et al. | : | |
| Defendant. | : | |

DEFENDANT CRAIG MICHAEL BINGERT'S RESPONSE
TO THE MOTION IN LIMINE TO REQUIRE A PROFFER AS TO
RELEVANCE OF CAPITOL POLICE OFFICER TESTIMONY AND
TO BAR EVIDENCE RELATING TO A PUBLIC AUTHORITY DEFENSE [1]

Defendant Craig Michael Bingert, by and through his attorney, Allen H. Orenberg, respectfully submits this response to the governments Motion in Limine to Require a Proffer as to Relevance of Capitol Police Officer Testimony and to Bar Evidence Relating to a Public Authority Defense. [138]

To be certain, Mr. Bingert asserts a Public Authority Defense as to all Counts of the Indictment, as well as an entrapment by estoppel defense as to all Counts. [88] Mr. Bingert incorporates by reference his reply [112] to the government's response to the notice of the Public Authority Defense. [96]

Mr. Bingert has served trial subpoenas on five USCP Officers and may call one or more of these witnesses in the defense case. Even though these five Officers did not have any direct interaction with Mr. Bingert on January 6, 2021, the defendant has a right to present a defense case which may include expected USCP

---

[1] Defendant Isaac Steve Sturgeon joins in this Response.

1

testimony as to the overall and surrounding events occurring on the U.S. Capitol grounds on January 6th. It is expected that the government will introduce evidence regarding the overall and surrounding events, other than testimony and evidence which pertains directly to Mr. Bingert. Defense cross-examination of the government's expected witness(es) in this regard may not be sufficient to the introduction of relevant evidence and testimony through additional USCP witness(es) during Mr. Bingert's case. And, since a bench trial has been elected by Mr. Bingert, this expected relevant and probative evidence will not likely confuse, delay or needlessly present cumulative evidence. *See* Fed. R. Evide. 401.[2]

A district court has discretion to consider whether a motion *in limine* is more appropriate in advance of trial or, alternatively, at trial when "decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole." *Herbert v. Architect of the Capitol,* 920 F.Supp.2d 33, 38 (D.D.C.2013) (quoting *Casares v. Bernal,* 790 F.Supp.2d 769, 775 (N.D.Ill.2011)). "The trial judge's discretion extends not only to the substantive evidentiary ruling, but also to the threshold question of whether a motion *in limine* presents an evidentiary issue that is appropriate for ruling in advance of trial." *Barnes v. District of Columbia,* 924 F.Supp.2d 74, 78–79 (D.D.C.2013).

"Motions *in limine* are designed to narrow the evidentiary issues at trial." *Williams v. Johnson*, 747 F. Supp. 2d 10, 14 (D.D.C. 2010). "[A] motion *in limine*

---

[2] Throughout it's motion in limine, the government does not cite to any case law in support of it's proposition that Mr. Bingert should be required to proffer the relevance of the expected testimony of the subpoenaed USCP Officers.

should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (citation omitted). "Rather, parties should target their arguments to demonstrating why certain categories of evidence should (or should not) be introduced at trial, and direct the district court to specific evidence in the record that would favor or disfavor the introduction of those particular categories of evidence." *Williams*, 747 F. Supp. 2d at 14.

In several January 6th prosecutions, the District Court for the District of Columbia has permitted the category of evidence for public authority/ entrapment by estoppel defenses. *See United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at *2 (D.D.C. Feb. 9, 2023); *see also United States v. Rhine*, No. CR 21-0687 (RC), 2023 WL 2072450, at *10 (D.D.C. Feb. 17, 2023).

Also, the Constitution guarantees to criminal defendants the right to a "meaningful opportunity to present a complete defense." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *Crane v. Kentucky*, 476 U.S. 683, 690 (1986)). This limits courts' ability to impose "arbitrary" rules of evidence, including those that exclude "important defense evidence" without serving "any legitimate interests," or are otherwise "disproportionate to the purposes they are designed to serve." *Id.* at 324 (internal quotation marks omitted). In a January 6 case, the District Court for the District of Columbia reasoned that just because "no court of this jurisdiction has sustained such an argument… the Court will not preemptively limit legal argument in closing. *United States v. Griffith*, No. CR 21-244-2 (CKK), 2023 WL 2043223, at *5 (D.D.C. Feb. 16, 2023).

Here, Mr. Bingert's decision to call United States Capitol Police (USCP) officers is relevant for the public authority/ entrapment by estoppel defenses. The Government argues that testimony from *five* USCP officers would be needlessly cumulative, especially after intending to call at least one USCP officer in its case-in-chief. *See* Government Motion at 2. However, predicting the substance, quality, or focus of testimony is an uncertain endeavor, as admitted by the Government in their motion. *See* Government Motion at 2 ("While it is difficult to guess the relevance of the proposed testimony of the subpoenaed…"). Therefore, the decision whether to exclude USCP officers' testimony is premature and should instead be made at trial. *See Herbert*, 920 F.Supp.2d at 38 (quoting *Casares,* 790 F.Supp.2d at 775) ("decisions can be better informed by the context, foundation, and relevance of the contested evidence within the framework of the trial as a whole."

In a similar January 6th case, the Chief Judge James E. Boasberg, in a pretrial motion *in limine*, allowed the entrapment by estoppel/ public authority defenses with regard to the actions and inactions taken by United States Capitol Police. *See United States v. Carpenter*, No. CR 21-305 (JEB), 2023 WL 1860978, at *2 (D.D.C. Feb. 9, 2023). Admittedly, Chief Judge Boasberg precluded those same defenses with regard to the statements made by former President Trump. *Id.* However, the exclusion of former President Trump's statements would make the testimony from USCP officers even more important.

In another January 6th case in this district, Judge Rudolph Contreras held that "evidence of law enforcement inaction or removal of barriers is relevant and admissible only to the extent that Defendant was aware of it or reasonably could

4

have perceived it, or that it occurred in close proximity to the locations where Defendant is alleged to have entered or been in the Capitol before he was there such that it reasonably bears on whether the area was restricted, as established through presentation of evidence or by proffer to the Court." *United States v. Rhine*, No. CR 21-0687 (RC), 2023 WL 2072450, at *10 (D.D.C. Feb. 17, 2023). Again, the testimony of many USCP officers regarding where signs and barricades were positioned would be critical.

Keeping potential defenses, even if ultimately unsuccessful at trial, available to present at trial is important to guarantee a "meaningful opportunity to present a complete defense." *Holmes*, 547 U.S. at 319 (quoting *Crane*, 476 U.S. at 690). Just because "no court of this jurisdiction has sustained such an argument… the Court will not preemptively limit legal argument in closing. *United States v. Griffith*, No. CR 21-244-2 (CKK), 2023 WL 2043223, at *5 (D.D.C. Feb. 16, 2023).

Finally, Mr. Bingert respectfully suggests that if the defense is required to proffer (in more detail) the subject matter of the subpoenaed witness, then such occur after the governments's "overall" witness (as to the U.S. Capitol building and grounds, as well as the restricted perimeter) since, at that time, Mr. Bingert will be in a better position to decide whether or not to call any of the five USCP Officers.

For the foregoing reasons and such other reasons which may appear just and proper, defendant Craig Bingert respectfully requests the Court to deny the motion in Limine seeking to require a proffer as to relevance of Capitol Police Officer testimony and to bar evidence relating to a Public Authority Defense.

Respectfully Submitted,

_____
Allen H. Orenberg, # 395519
The Orenberg Law Firm, P.C.
12505 Park Potomac Avenue, 6th Fl.
Potomac, Maryland 20854
Tel. No. (301) 984-8005
Fax No. (301) 984-8008
Cell-Phone (301) 807-3847
aorenberg@orenberglaw.com
Counsel for Craig M. Bingert

Dated: May 8, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, copies of the foregoing Defendant Craig Michael Bingert's Response To the Motion in Limine to Require a Proffer as to Relevance of Capitol Police Officer Testimony and To Bar Evidence Relating to a Public Authority Defense were served to case registered parties by CM/ECF.

_____
Allen H. Orenberg