UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CRAIG MICHAEL BINGERT and<br>ISAAC STEVE STURGEON,<br><br>*Defendants.* | Case Nos. 1:21-cr-91-1-RCL,<br>1:21-cr-91-2-RCL |

## Notes for Oral Ruling from the Bench under Rule 23(c)

The following are the notes that the Court used when delivering its oral verdict today:

These are the specific findings of fact under Federal Rule of Criminal Procedure 23(c) that explain my verdict in this nonjury case. As to the charges, I am adopting the instructions and definitions from the government's trial brief, with one exception. Specifically, for purposes of Counts Four, Five, and Six, the government must prove that the defendants "knowingly" committed the relevant acts in a "restricted building or grounds," meaning that they knew both that they were in a "posted, cordoned off, or otherwise restricted area," and that they knew that it was such an area "of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1752(c)(1)(B). When I go through the elements of Counts Four, Five, and Six and use the word "knowingly," that is what I understand that word to mean.

Before I start, I want to make one thing clear about all of the charges. The defendants are not being prosecuted for engaging in protected First Amendment activity, and I am making my decision without regard to their political beliefs, which

1

I believe they hold sincerely. The defendants have a right to believe whatever they liked about the 2020 Presidential Election, and to voice those opinions. But the First Amendment does not give anyone a right to obstruct or impede Congress by making it impossible for them to do their jobs safely. And it certainly does not give anyone a right to riot, assault police officers, or enter restricted areas.

I will now proceed to the individual charges.

### 1. **Count One: Obstruction of an Official Proceeding**

Count One of the Superseding Indictment charges the defendant with obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c) and 2.

That charge requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, the defendant attempted to or did obstruct or impede an official proceeding;

2. Second, the defendant intended to obstruct or impede the official proceeding;

3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding; and

4. Fourth, the defendant acted corruptly.

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

Mr. Bingert and Mr. Sturgeon both obstructed and impeded the Electoral College Certification by joining the mob on Capitol Grounds on the afternoon of January 6, 2021. At approximately 2:46 p.m., both defendants picked up a bike rack

that was being used as a barricade and pushed it into a line of police officers protecting the ongoing proceeding. At least one officer—Officer Gonzalez—was injured when that bike rack pushed him into another barricade. The defendants' actions obstructed and impeded the proceeding by, together with the actions of others, forcing the evacuation of Congress and the end of the certification session, as shown by the testimony of Inspector Hawa and Mr. Jones. By joining the mob and pushing the barricade into the officers, both defendants helped ensure that Congress was under a sufficient security threat requiring adjournment and then an inability to resume the official proceeding that their actions helped to disrupt.

I find that both defendants' purpose in pushing into the police line was to ensure that the proceeding was in fact obstructed or impeded. I do not credit Mr. Bingert's testimony to the contrary. Among other evidence, GX 1111A demonstrates that Mr. Bingert understood his purpose on that day to be stopping an election result that he viewed as fraudulent. Mr. Bingert's text messages, marked as GX 802W, show him following news of the certification proceedings contemporaneously, and a video marked as GX 205A shows Mr. Bingert chanting along with the crowd, "Let us in, let us in." Mr. Bingert admitted on the stand that he indeed joined that chant. Taken together, the evidence demonstrates that Mr. Bingert wanted into the Capitol so that he could stop what was happening inside. The evidence of Mr. Sturgeon's purpose is even more overwhelming. Just to name a few relevant exhibits: Messages found on Mr. Sturgeon's social media accounts such as GX 1001D show that Mr. Sturgeon understood Vice President Pence's compliance with the certification proceedings was what prompted the mob, which he joined, to storm the Capitol. Other messages, like GX 1001G, show that Mr. Sturgeon viewed his actions on January 6 as part of a "last stand." The fact that some of those messages were sent

shortly after January 6, rather than on or before that date, does not negate their probative force as evidence of his intent at the time.

Not everyone on Capitol Grounds had this kind of purpose. But the evidence demonstrates that Mr. Bingert and Mr. Sturgeon did. And not everyone used violence to attempt to break the police lines that were protecting the Capitol. But Mr. Bingert and Mr. Sturgeon did.

When Mr. Bingert and Mr. Sturgeon took these knowing actions, they were certainly aware of the official proceeding, or it was reasonably foreseeable to them. Several pictures and messages found on Mr. Bingert's phone, including GX 802K, 802W, and 802Y, show that in the days leading up to January 6, 2021, and even on that day itself, he was following the news surrounding the Electoral College Certification. Mr. Bingert admitted on the stand that he was present for President Trump's speech at the Ellipse and that he heard at least some of President Trump's statements concerning what he wanted to happen with the certification. I do not credit his statements that he conveniently did not hear many of the references to Vice President Pence's role in the certification. And Mr. Bingert does not need to understand every particular of the certification process to have been aware of it and to have intended to obstruct it. The video marked DX 15 shows that Mr. Sturgeon was at the same rally at the Ellipse, and again, messages such as GX 1001D show that Mr. Sturgeon understood Vice President Pence's compliance with the certification proceedings was what prompted the mob, which he joined, to storm the Capitol. Furthermore, GX 1002U shows that Mr. Sturgeon knew that around 2:00 p.m. on January 6, Vice President Pence refused to reject the electoral votes.

Furthermore, I find that Mr. Bingert and Mr. Sturgeon both had the necessary mental state to meet the "corruptly" requirement. First, by pushing into the police line, Mr. Bingert and Mr. Sturgeon used an unlawful means, specifically the

4

independently felonious means of assaulting law enforcement, and acted with an unlawful purpose when doing so. And intentionally pushing a barrier into a line of police officers almost definitionally involves consciousness of wrongdoing. Furthermore, Mr. Bingert can be seen in several videos actively cheering for rioters who are fighting with police. I do not credit Mr. Bingert's testimony that he was simply making that noise because he was nervous, not only because it clearly sounds like a cheer, but also because he admitted on the stand that in one of the videos in which he was making the same sound, he could not recall if he was nervous or cheering. As for Mr. Sturgeon, he sent numerous messages in the immediate aftermath of January 6 speaking of the need to start a "revolution" and the necessity of fighting and committing crimes to do so. Simply put, there is no doubt in my mind after seeing the evidence that both defendants knew that they were part of something unlawful.

I will also address Mr. Sturgeon's argument that if he took President Trump's speech to heart, he could not have acted corruptly because he could not have acted with consciousness of wrongdoing. Belief that your actions are ultimately serving a greater good does not negate consciousness of wrongdoing. For purposes of Section 1512, the phrase "consciousness of wrongdoing" comes from *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). The Supreme Court used that phrase in the context of explaining why it was error for the district court to instruct the jury that the defendant could be guilty of corruptly obstructing an official proceeding "even if [it] honestly and sincerely believed that its conduct was lawful." *Id.* at 706. So the point isn't that the defendant needs to understand that what he's doing is *morally* wrong; it's that he needs to understand that what he's doing is *unlawful*. Even if the defendants sincerely believed—which it appears they did—that the election was fraudulent and President Trump was the rightful winner, they still must have known it was unlawful to vindicate that perceived injustice by engaging in mob violence to obstruct Congress. And that is

5

true even if the defendants believed they had President Trump's blessing. President Trump did not call on his supporters at the rally to engage in violence; he told them to go the Capitol peacefully. But even if the defendants took his words to authorize violence, we live in a constitutional democracy, not a dictatorship, and no reasonable citizen of this country—much less one as politically engaged as these two defendants—could believe that the President has the power to authorize a literal assault on a coequal branch of government.

Finally, I will address the unlawful benefit, given Judge Walker's concurring opinion in *United States v. Fischer*. On that point, I find that Mr. Bingert and Mr. Sturgeon took these actions in order to provide an unlawful benefit to their preferred presidential candidate, then-President Trump—by disrupting the Electoral College Certification that would have led to President Trump's loss of the presidency.

For these reasons, I find defendant Craig Michael Bingert **GUILTY** of Count One; and I find defendant Isaac Steve Sturgeon **GUILTY** of Count One.

### 2. <u>Count Two: Assaulting, Resisting, or Impeding Certain Officers</u>

Count Two of the Superseding Indictment charges the defendants with forcibly assaulting, resisting, or impeding an officer or employee of the United States who was then engaged in the performance of his official duties or any person assisting an officer or employee of the United States who is engaged in the performance of his official duties, where such acts involve physical contact with the victim or the intent to commit another felony, in violation of 18 U.S.C. § 111(a)(1).

That charge requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer of the Metropolitan Police Department;

2. Second, the defendant did such acts forcibly;

3. Third, the defendant did such acts voluntarily and intentionally;

4. Fourth, the person assaulted, resisted, opposed, impeded, intimidated, or interfered with was assisting officers of the United States who were then engaged in the performance of their official duties; and

5. Fifth, the defendant made physical contact with that person or acted with the intent to commit another felony—in this case, obstruction of an official proceeding (Count One) or civil disorder (Count Three).

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

When Mr. Bingert and Mr. Sturgeon pushed the barricade into the line of MPD officers, they forcibly assaulted, opposed, impeded, and intimidated those officers.

It is clear from the video evidence, specifically GX 204A, that both Mr. Bingert and Mr. Sturgeon did so voluntarily and intentionally. I reject the argument by counsel for both defendants that they were simply acting in self-defense. In the video, Mr. Johnatakis can clearly be heard shouting into a megaphone, easily within earshot of both defendants, things like "Pack it in" and "One foot," and then counting down. Mr. Bingert actually steps forward, closer to the bike rack, when Mr. Johnatakis starts shouting those things, and both defendants remain at the top of the stairs throughout, until the middle of the struggle with the officers. Mr. Sturgeon even responds to Mr. Johnatakis's instructions by saying "Push," just before both defendants put their hands on the bike rack and begin pushing it forward. At no point does either of them take a defensive posture or attempt to step back. Instead, both

7

defendants can clearly be seen putting the weight of their bodies into pushing the barricade forward.

Mr. Bingert can also be heard cheering in the video. Again, I do not credit his testimony that he was simply making that noise because he was nervous. I also do not credit his suggestion that he was simply trying to protect himself, much less the unbelievable notion that he was trying to protect an "elderly woman" behind him. He would not be cheering if he were simply trying to protect himself, and the video shows him pushing his body forward, not leaning back in a defensive posture. As for the mystery lady Mr. Bingert says he was trying to shield, he never managed to point her out in the video.

The MPD officers that both defendants assaulted were assisting U.S. Capitol Police Officers engaged in the performance of their official duties, protecting the Capitol Grounds and Capitol Buildings.

Finally, Mr. Bingert and Mr. Sturgeon made physical contact with the officers by physically pushing the barricade into them. They also took this action with the intent to both obstruct the Electoral College Certification (for the reasons I explained earlier) and to commit Civil Disorder (for the reasons I am about to explain).

For these reasons, I find defendant Craig Michael Bingert **GUILTY** of Count Two; and I find defendant Isaac Steve Sturgeon **GUILTY** of Count Two.

### 3. Count Three: Civil Disorder

Count Three of the Second Superseding Indictment charges the defendants with civil disorder, in violation of 18 U.S.C. § 231(a)(3).

That charge requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, the defendant knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers;

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder; and

3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

The government proved the first element by establishing that Mr. Bingert and Mr. Sturgeon knowingly pushed the bike rack into the line of law enforcement officers protecting the Capitol. Both defendants' intent when doing so was to obstruct, impede, or interfere with the law enforcement officers guarding the Capitol, as I explained earlier.

Second, the evidence shows that the mob at the Capitol constituted a civil disorder to which the law enforcement officers were lawfully attempting to defend the Capitol against. That mob of more than three people created a public disturbance involving acts of violence by causing an immediate danger of injury to those officers, to the property on Capitol Grounds and inside the Capitol Buildings, as well as actually resulting in injury to officers.

And third, the civil disorder obstructed, delayed, or adversely affected both commerce, as demonstrated by the Safeway records, as well as a federally protected function, as demonstrated overwhelmingly by the testimony of Inspector Hawa, Mr.

9

Jones, and Captain Ortega concerning the disruption of the Electoral College Certification and the efforts of law enforcement officers to protect the Capitol and the Members of Congress within it who were performing that function.

For these reasons, I find defendant Craig Michael Bingert **GUILTY** of Count Three; and I find defendant Isaac Steve Sturgeon **GUILTY** of Count Three.

### 4. Count Four: Entering or Remaining in a Restricted Building or Grounds

Count Four of the Superseding Indictment charges the defendants with entering or remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1).

That charge requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so; and

2. Second, that the defendant did so knowingly.

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

The testimony of Captain Ortega and Inspector Hawa, along with other evidence, established that, in preparation for the Electoral College Certification, the United States Secret Service and United States Capitol Police adopted a restricted area around the U.S. Capitol Grounds that was closed to members of the public. That perimeter was delineated with bike racks and snow fencing, as well as signage indicating that the area was closed and additional layers of barricades within the restricted area. That perimeter was established because the Vice President was temporarily visiting the Capitol.

For the same reasons explained above with respect to both defendants' knowledge of the Electoral College Certification, including their presence at President Trump's speech, I find that both defendants knew that Vice President Pence, a Secret Service protectee, was visiting, or was going to visit, the Capitol grounds. The evidence that both defendants knew that they were in a restricted area of the Capitol grounds and lacked lawful authority to be there is overwhelming. Just to name a few relevant exhibits: GX 204A shows both defendants pushing a barricade into a line of police officers and attempting to enter an area that that line of officers was blocking off. GX 216A.1 shows that one of the bike racks in that very area bore an "area closed" sign. GX 804M and GX 804N, both videos taken from Mr. Sturgeon's phone with Mr. Bingert in the shot, show members of the mob running from tear gas and police carrying riot shields.

I also find that both defendants knew that they lacked lawful authority to be there. The government was not required, as the defendants have suggested, to prove that a police officer explicitly told them to leave any particular area. Simply put, the defendants could not possibly have believed that they had the right to stand in the middle of a riot, with tear gas and punches flying, and officers trying and failing to hold a line against the crowd, until they were asked to leave.

The evidence of the signs and barriers that Mr. Bingert and Mr. Sturgeon must have seen, and the signs of law enforcement struggle, establish that Mr. Bingert and Mr. Sturgeon knowingly entered or remained within the restricted area on the Capitol Grounds. They knew the area was cordoned off, they knew it was restricted, they knew they lacked lawful authority to be there, yet they entered and remained anyway.

For these reasons, I find defendant Craig Michael Bingert **GUILTY** of Count Four; and I find defendant Isaac Steve Sturgeon **GUILTY** of Count Four.

## 5. Count Five: Disorderly or Disruptive Conduct in a Restricted Building or Grounds

Count Five of the Superseding Indictment charges the defendants with disorderly or disruptive conduct in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(2).

That charge requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds;

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions; and

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

Mr. Bingert's and Mr. Sturgeon's behavior as part of the mob on the Capitol Grounds and their pushing of the barricade into the police line constituted disruptive and disorderly conduct given that they disturbed the public peace and the normal peaceful condition of the Capitol grounds. They also actually impeded the ability for law enforcement to regain control of the area and otherwise disrupted the efforts of the officers. And for substantially the same reasons as I stated earlier for Counts One and Four, I find that Mr. Bingert and Mr. Sturgeon took these actions knowingly

and with the intent to impede and disrupt the orderly conduct of Government business and official functions.

For these reasons, I find defendant Craig Michael Bingert **GUILTY** of Count Five; and I find defendant Isaac Steve Sturgeon **GUILTY** of Count Five.

## 6. Count Six: Engaging in Physical Violence in a Restricted Building or Grounds

Count Six of the Superseding Indictment charges the defendant with engaging in physical violence in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(4).

That requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in any act of physical violence against any person or property in any restricted building or grounds; and

2. Second, that the defendant did so knowingly.

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

For both Mr. Bingert and Mr. Sturgeon, the act of physical violence was their pushing of the barricade into the line of law enforcement officers. That action was taken within the restricted grounds of the Capitol, as I previously explained. Finally, both Mr. Bingert and Mr. Sturgeon took that action knowingly, for the same reasons I explained earlier.

For these reasons, I find defendant Craig Michael Bingert **GUILTY** of Count Six; and I find defendant Isaac Steve Sturgeon **GUILTY** of Count Six.

## 8. Count Eight: Act of Physical Violence in the United States Capitol Grounds or Buildings

Count Eight of the Superseding Indictment charges the defendants with an act of physical violence in the United States Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

That charge requires the government to have proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in an act of physical violence in the Capitol Grounds or any of the Capitol Buildings; and

2. Second, that the defendant did so willfully and knowingly.

I conclude that the government has proved each of those elements beyond a reasonable doubt with respect to both defendants.

As I just explained, both Mr. Bingert and Mr. Sturgeon engaged in an act of physical violence on Capitol Grounds when they pushed the barricade into the line of officers. The evidence also shows that they took this action willfully and knowingly, in that they acted with the intent to disregard the law and attack the law enforcement officers guarding the Capitol. Mr. Bingert and Mr. Sturgeon both knowingly picked up the bike rack that was in front of the line of officers protecting the United States Capitol while those officers faced down a mob, and pushed that barricade into those officers. Even without the accompanying communications between Mr. Sturgeon and former co-defendant Taylor James Johnatakis, and Mr. Bingert's shouts of "woo!", those circumstances alone demonstrate willfulness beyond a reasonable doubt. But those communications make the defendants' state of mind even clearer.

\* \* \*

In sum, I find that the government has proved beyond a reasonable doubt each charge brought against each defendant in this trial.

Therefore, I **ADUJUDGE AND DECLARE** that defendant Craig Michael Bingert is **GUILTY** of the following counts in the Superseding Indictment:

Count One: Guilty

Count Two: Guilty

Count Three: Guilty

Count Four: Guilty

Count Five: Guilty

Count Six: Guilty

Count Eight: Guilty

And I **ADUJUDGE AND DECLARE** that defendant Isaac Steve Sturgeon is **GUILTY** of the following counts in the Superseding Indictment:

Count One: Guilty

Count Two: Guilty

Count Three: Guilty

Count Four: Guilty

Count Five: Guilty

Count Six: Guilty

Count Eight: Guilty

Date: May 24, 2023

_____
Royce C. Lamberth
United States District Judge